UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY B. FORD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:12-CV-65-LMB |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Anthony B. Ford (registration no. 527557) for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that petitioner does not have sufficient funds to pay the entire filing fee, and therefore, the motion will be granted and petitioner will be assessed an initial partial filing fee of $15.48. *See* 28 U.S.C. § 1915(b)(1).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. *Cf. In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997) (allowing prisoners to circumvent the PLRA merely by labeling their pleadings as mandamus petitions would create a loophole Congress did

not intend; PLRA applies to mandamus actions that are civil in nature). If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Petitioner has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his petition. A review of petitioner's account indicates an average monthly deposit of $77.39, and an average monthly balance of $3.96. Petitioner has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $15.48, which is 20 percent of petitioner's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a petition filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which

relief can be granted, or seeks monetary relief from a respondent who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named respondents and not for the purpose of vindicating a cognizable right.  *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).  A petition fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Petition

Petitioner, an inmate at the Southeast Correctional Center, seeks a writ of mandamus against respondent, the Commissioner of Social Security, relative to the termination of his social security disability benefits.  Petitioner provides the following information: he was awarded disability benefits on January 1, 1990; he was a pretrial detainee facing state felony charges from June 25, 1995 to February 5, 1997; he was convicted of several felonies on February 6, 1997; and his disability benefits were suspended without prior notice from June 1995, when he was first arrested and charged, to the present.

Petitioner alleges that, in violation of his constitutional rights, he was denied Social Security benefits for the period from June 1995 to February 1997, when he was a pretrial detainee, because the Social Security Administration suspended his benefits "prior to [his] conviction for a felony in Missouri" and without providing him a pretermination hearing or any notice whatsoever.[1]  The Court finds that, based upon these facts, this claim survives frivolity review and is sufficient to proceed at this time.

In addition, petitioner claims that he is entitled to his disability benefits even after his February 1997 felony conviction.  This claim is legally frivolous and will be dismissed pursuant to § 1915(e)(2)(B).  *See* 20 C.F.R. § 404.468 (no benefits will be paid to individual confined in a jail, prison, or other penal institution or correctional facility for conviction of a felony); *Davis v. Bowen*, 825 F.2d 799 (4th Cir. 1987)(suspension of benefits for incarcerated felons does not violate an inmate's due process or equal protection rights); *Peeler v. Heckler*, 781 F.2d 649 (8th Cir. 1986)(suspension of disability benefits to incarcerated felons does not constitute "punishment" such that the ex post facto clause is violated); *Langella v. Government of U.S.*, 6 Fed. Appx. 116, 2001 WL 431509 (2nd Cir. 2001)(suspension of social

---

[1] Petitioner claims that it was not until February 2012, after speaking with another inmate regarding his disability benefits, that he became aware his constitutional rights were being violated.  Petitioner states that immediately thereafter, he "submitted his claim to Commissioner Astrue on February 29, 2012, and received . . . [a] form letter," attached to the complaint as Exhibit C.

security benefits during incarceration does not violate either due process or equal protection); *Wiley v. Bowen*, 824 F.2d 1120 (D.C. Cir. 1987)(suspension of recipient's retirement payments pursuant to amendment prohibiting incarcerated felons from receiving benefits was not punishment, and thus, was not ex post facto law).

Petitioner further claims that he was denied effective assistance of counsel because, without his benefits, he could not afford to hire counsel "of his choice," and he was appointed an incompetent public defender. Petitioner claims that his current imprisonment is, therefore, unlawful. Because petitioner is, in effect, challenging the legality of his conviction, sentence, and current incarceration, his relief relative to this claim is available exclusively under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973)(habeas corpus is the appropriate remedy for prisoners attacking the validity of the fact or length of their confinement). State prisoners may not attack the legality of their sentences through a petition for writ of mandamus or an action under the laws governing Social Security benefits. Such relief is only available under 28 U.S.C. § 2254. For these reasons, petitioner's claim will be dismissed, without prejudice, pursuant to § 1915(e)(2)(B).

Petitioner additionally claims that the suspension of his disability benefits prior to trial was "essentially a criminal forfeiture and a criminal prosecution against him,"

and thus, his subsequent state criminal trial violated his right against double jeopardy. This claim is patently frivolous and will be dismissed pursuant to § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner shall pay an initial filing fee of $15.48 within thirty (30) days of the date of this Order. Petitioner is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, as to petitioner's claim regarding the denial of his Social Security benefits for the period from June 1995 to February 1997, when he was a pretrial detainee, the Clerk of Court shall issue process or cause process to issue upon the petition. Pursuant to 42 U.S.C. § 1997e(g)(2), defendant shall reply to the petition relative to this claim within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, as to all of petitioner's remaining claims, the Clerk of Court shall not issue process or cause process to issue upon the petition,

because the allegations are legally frivolous and fail to state a claim or cause of action upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that petitioner's motion for an expedited hearing [Doc. #5], motion for the release of funds [Doc. #6], and motion for relief from judgment [Doc. #7] are **DENIED**, without prejudice.

A separate Order of Partial Dismissal of Claims will accompany this Memorandum and Order.

Dated this 6th day of July, 2012.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE