UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ANTHONY B. FORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:12-CV-65 (CEJ) |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security. ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the petition of Anthony B. Ford for a writ of mandamus to compel payment of Supplemental Security Income (SSI) benefits and his motions for reconsideration and for release of funds.[1] Respondent, Commissioner of Social Security Michael J. Astrue, opposes the issuance of the writ.

**I. Background**

Petitioner was arrested in June 1995, and was held in jail pending trial in February of 1997. At trial, petitioner was convicted of several felonies. He is currently an inmate at Southeast Correctional Center in Charleston, Missouri.

Prior to his arrest, petitioner received monthly disability benefits in the form of Supplemental Security Income (SSI). The Social Security Administration discontinued those benefits in March 1996, after learning of petitioner's incarceration. Respondent states that a Notice of Planned Action was mailed to petitioner at the jail prior to the suspension of his benefits. The notice informed petitioner of the planned suspension,

---

[1] The majority of petitioner's claims have been dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous or failing to state a claim or cause of action upon which relief may be granted. [Doc. # 9]. The only remaining claim concerns the Social Security Administration's discontinuation of petitioner's Supplemental Security Income (SSI) during petitioner's pre-trial detention.

as well as his right to appeal. Petitioner argues that he did not receive this notice. Petitioner further argues that his benefits were wrongfully terminated prior to his conviction, and requests that the Court issue a writ of mandamus ordering respondent to pay the SSI benefits withheld during his pretrial detention.

**II. Discussion**

Under 28 U.S.C. § 1361, district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The writ of mandamus is an extraordinary remedy, and therefore must be issued only in extraordinary circumstances. 17 Am. Jur. Pl. & Pr. Forms Mandamus §1. "In order to insure that the writ will issue only in extraordinary circumstances [the United States Supreme Court] has required that a party seeking issuance have no other adequate means to attain the relief he desires, and that he satisfy the burden of showing that his right to issuance of the writ is clear and indisputable." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980) (citations and internal quotations omitted). See also Heckler v. Ringer, 466 U.S. 602, 616 (1984); Taylor v. Barnhart, 399 F.3d 891, 894 (8th Cir. 2005) ("The writ of mandamus is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." (quoting Hatcher v. Heckler, 772 F.2d 427, 432 (8th Cir. 1985))).

In this case, petitioner has shown neither exhaustion of alternative remedies nor a clear right to the relief he seeks. Petitioner did not pursue the administrative appeals process when he was notified that his benefits were suspended in 1996. 52 Am. Jur. 2d Mandamus § 38 ("writ of mandamus will not be issued even though another available remedy is not available at the time it is applied for if the petitioner had a clear

legal remedy, adequate to enforce his or her rights, which he or she failed to pursue."). Petitioner insists he never received notice of the termination and his right to appeal, and respondent insists that notice was mailed to the city jail.  Regardless, petitioner cannot meet the final requirement for the issuance of the writ, for he cannot show that he had a right to SSI benefits during his pretrial detention.

An individual is "not eligible for SSI benefits for any month throughout which [he or she is] a resident of a public institution as defined in §416.201."  20 C.F.R. § 416.211(a)(1).  A "public institution" is "an institution that is operated by or controlled by the Federal government, a State, or a political subdivision of a State such as a city or county."  20 C.F.R. § 416.201.  A resident of a public institution is defined as "a person who can receive substantially all of his or her food and shelter while living in a public institution."  20 C.F.R. § 416.201.  Petitioner was a resident of a public institution---the city jail---during his pretrial detention.  Therefore, he was not entitled to SSI benefits during the months of his detention, and his petition for the writ of mandamus must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Anthony Ford for a writ of mandamus [Doc. # 1] is **denied**.

**IT IS FURTHER ORDERED** that petitioner's motions for reconsideration and for release of funds [Doc. # 14 and # 24] are **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 31st day of December, 2012.